FILED
JUL 0 2 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL A. SMITH<br>    Plaintiff<br>v.<br>MIDLAND FUNDING, LLC;<br><br>MANN BRACKEN LLP;<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA;<br><br>MIDLAND CREDIT MANAGEMENT LLC;<br><br>RLI INSURANCE COMPANY<br><br>    Defendants | §§§§§§§§§§§§§§§§§ | Case No.: A09CA 505 SS<br><br><br><br>ORIGINAL COMPLAINT AND JURY DEMAND |

Plaintiff MICHAEL A. SMITH brings suit against debt collector Defendants MIDLAND FUNDING, LLC ("Midland Funding"), MANN BRACKEN LLP ("Mann Bracken"), and Midland Credit Management LLC ("MCM") for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), and for related claims. Plaintiff also brings claims directly against said debt collector's respective bonding companies, Travelers Casualty and Surety Company of America and RLI Insurance Company, for the debt collector's violations of the Texas debt collection act, Tex. Fin. C. § 392.001 et seq.

### A. JURISDICTION, VENUE AND BONDING COMPANY LIABILITY

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.) and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (F.C.R.A.). Jurisdiction of the Court arises under

1

28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. and the F.C.R.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.   Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Hays County, Texas.

3.   Plaintiff is an individual who resides in Hays County, Texas.

4.   Defendant **MANN BRACKEN LLP** is a foreign limited partnership organized and existing under the laws of Delaware, with its principal place of business at 702 King Farm Blvd., Rockville, MD 20850. Defendant Mann Bracken LLP may be served by and through its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, TX 75201.

5.   Defendant **MIDLAND FUNDING LLC** is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8875 Aero Dr., Ste. 200, San Diego, CA 92123 (San Diego County). Said Defendant may be served by and through its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, TX 78701.

6.   **Defendant Midland Credit Management LLC** is a foreign limited liability company organized and existing under the laws of the State of Kansas, with its principal place of business at 8875 Aero Drive Suite 200, San Diego, CA 92123. Said Defendant engages in business in Texas

but does not maintain designated agent for service of process in Texas. This suit arose out of said Defendant's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. Therefore said Defendant may be served with process **by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**. See Tex. Bus. Corp. Act art. 8.10(B). The Texas Secretary of State may also forward a copy of the citation and petition of this cause to the registered agent said Defendant listed in the records of the State of Kansas, **Corporation Service Company, 200 S.W. 30th St., Topeka, KS 66611**.

7.      Defendant RLI Insurance Company is a foreign corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 9025 North Lindbergh Dr., Peoria, IL 61615. Said Defendant may be served by and through its registered agent Roy C. Die, 8 East Greenway Plaza Suite 400, Houston, TX 77046.

8.      Defendant Travelers Casualty and Surety Company of America ("Travelers") is a foreign corporation organized. Said Defendant may be served through its registered agent, Corporation Service Company, 701 Brazos Street Suite 1050, Austin, TX, 78701.

9.      Defendant Travelers is the bonding company for Defendant Mann Bracken LLP. Defendant RLI is the bonding company for Defendants Midland Funding and MCM. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, the bonding companies are liable for the claims Plaintiff may bring against the Defendants for whom they provide a bond for the latter's violations of the Texas debt collection practices act, up to $10,000.00. Therefore, when this suit refers to the liability of Defendants Mann Bracken, Midland Funding, and MCM for violations of the Texas debt collection act, those claims apply equally to their respective bonding companies, up

to $10,000.

10.     The Court has jurisdiction over all Defendants: the nonresident debt collectors (Mann Bracken, Midland Funding and MCM) and the nonresident bonding companies (Travelers and RLI). Defendant debt collectors have purposefully availed themselves of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint. The bonding companies engaged in business in Texas by providing a bond to the Defendant debt collectors in favor of consumers harmed by the debt collectors' violations of the Texas debt collection practices act.

11.     All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.   STATEMENT OF FACTS

12.     Defendants Midland Funding, MCM and Mann Bracken attempted to collect an alleged Citibank credit card account from Plaintiff. Defendant Midland Funding claimed to have been assigned the debt. Defendant MCM claimed to be the servicer for Midland Funding in attempting to collect the alleged debt.

13.     Defendant Midland Funding, through its agent Defendant MCM, sent Plaintiff a series of dunning letters alleging Plaintiff owed certain "current balances" as of the date of the letter. Defendants Midland Funding and/or MCM further made representations to the credit reporting agencies, and from those agencies to all others who viewed Plaintiff's credit report.

4

14.     Defendant Midland Funding, acting through the debt collection law firm Mann Bracken, filed suit attempting to collect the alleged debt on or about March 28, 2008. in Cause No. <u>11806-C</u>, <u>Midland Funding LLC Assignee of Citibank v. MICHAEL A. SMITH</u>, Hays County Court at Law ("the underlying action").

15.     In pleadings filed with the court and in a series of correspondence Defendants Midland Funding, MCM and Mann Bracken made false or misleading representations and utilized unfair or unconscionable means to collect the alleged debt. Defendants Midland Funding and/or MCM also took these acts in relation to its reporting to the credit reporting agencies, and from those agencies to all others who viewed Plaintiff's credit report. Without limitation, said Defendants Midland Funding, MCM and Mann Bracken made misrepresentations as to the amount alleged to be due, the calculation of the amount, and the rate at which interest was accruing.

16.     Defendant Midland Funding, through Mann Bracken, filed the underlying action on or about March 28, 2008. On or about July 9, 2008 Defendant Mann Bracken, on behalf of Midland Funding, sent Plaintiff a collection letter stating a "current balance" of $13,095.19.

17.     On information and belief, the July 9, 2008 letter was Defendant Mann Bracken's initial communication with Plaintiff. The letter did not state that Plaintiff had a right to dispute the debt.

18.     On information and belief, the July 9, 2008 letter rolled in costs of court in the underlying action into the "current balance" alleged to be due, $13,095.19. On information and belief, when the July 9, 2008 letter was mailed to Plaintiff, neither Defendant Midland Funding nor MCM, nor Mann Bracken knew whether the cardholder agreement for Plaintiff's specific (alleged) Citibank account expressly authorized the recovery of costs of court in a lawsuit to collect on

that account.

19. The July 9, 2008 letter stated a "balance due" of $13,095.19 when, on information and belief, the records in the possession of Defendants Midland Funding, MCM, and Mann Bracken on the date of the later indicated that Plaintiff did not in fact owe that amount on the date of the letter.

20. The above specific acts listed are by way of example, not limitation. Defendants Midland Funding, MCM and Mann Bracken made false or misleading representations and utilized unfair or unconscionable means to collect the alleged debt other than the above specifically enumerated acts. This includes sending other collections letters.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

21. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

22. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance."). See also Graziano v. Harrison, 950 F. 2d 107, 13-14 (3d Cir. 1991)(FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general").

23. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. Defendants Midland Funding, MCM and Mann Bracken are each a "debt collector" as

that term is defined in 15 U.S.C. § 1692a(6).

25. The obligation alleged by Defendants Midland Funding, MCM and Mann Bracken to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The reporting of the alleged debt to the credit reporting agencies by Defendants Midland Funding and/or MCM was an attempt to collect a debt within the meaning of the FDCPA.

27. The series of collection letters sent by Defendants Midland Funding, MCM and Mann Bracken to Plaintiff, either directly or through his counsel, were attempts to collect a debt within the meaning of the FDCPA.

28. The litigation by Defendant Midland Funding, through Mann Bracken, in the underlying action, and the pleadings they filed, were attempts to collect a debt within the meaning of the FDCPA.

29. Defendants Midland Funding, MCM and Mann Bracken violated the following section of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"). By way of example and not limitation Defendants violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: using false, deceptive or misleading representations or means; using a unfair or unconscionable means; misrepresenting the character, status, and amount of the debt; communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; attempting to collect an amount not permitted by law or expressly authorized by contract; failing to properly state the amount of the debt; threatening to take and

actually taking an action prohibited by law, or threatening to take an action that is not intended to be taken; engaging in conduct the natural consequence of which is to harass, oppress any person; and failing to provide the validation notice.

### COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

30. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

32. Defendants Midland Funding, MCM and Mann Bracken are each a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

33. The obligation of Plaintiff alleged by Defendants Midland Funding, MCM and Mann Bracken is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

34. Defendants violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt Defendants violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using an unfair or unconscionable means to collect a debt; failing to correct its own records and to correct its reporting to the credit reporting agencies; using threats coercion or attempts to

coerce; representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; representing that a consumer debt may be increased by fees other charges if a written contract or statute does not authorize the additional fees or charges; representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion; and/or using any other false representation or deceptive means.

35.     A prevailing consumer in a Texas debt collection protection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. The Texas debt collection practices act specifically authorizes "injunctive relief to prevent or restrain violations" of the act, Tex. Fin. C. § 392.403(a)(1), and such injunctive relief is sought.

## COUNT # 3: Tort of unfair debt collection.

36.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

37.     The actions that violate the debt collection statute also constitute the tort of wrongful debt

collection, which allows for the recovery of actual, exemplary and punitive damages, and which is so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

38.     This claim is brought against Defendants Midland Funding and MCM.

### COUNT #3: Providing false credit information in violation of Tex. Fin. C. § 391.001 et seq.

39.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40.     Defendants Midland Funding and/or MCM violated Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information. Defendants Midland Funding and/or MCM furnished false information about Plaintiff's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. Defendants Midland Funding and/or MCM are liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

### COUNT #4: Violation of the Fair Credit Reporting Act.

41.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.  The commonly used term "credit reporting agencies" is used interchangeably with the technical definition of that same term used by the F.C.R.A., "consumer reporting agencies."

42.     Defendant Midland Credit Management and/or MCM violated the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq*. Without limitation, said Defendants violated the F.C.R.A. by willfully or, in the alternative, negligently verifying the amount and status of the

10

debt in violation of 15 U.S.C. § 1681s-2(b). Defendants are liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

43. Defendant Midland Credit Management and/or MCM violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

44. Defendant Midland Credit Management and/or MCM communicated factual misrepresentation regarding Plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit; to existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers; and to others who may have viewed Plaintiff's credit report.

45. After being informed by the credit reporting agencies that the Plaintiff disputed the accuracy of the information it was providing, Defendants Midland Credit Management and/or MCM willfully failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b)(A).

46. Defendants Midland Credit Management and/or MCM willfully failed to review all relevant information purportedly provided by such credit reporting agencies to said Defendants in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

47.     Defendants Midland Credit Management and/or MCM willfully failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the alleged debt as required by 15 U.S.C. § 1681s-2(b)(C).

48.     Plaintiff has a private right of action to assert claims against Defendants Midland Credit Management and/or MCM arising under 15 U.S.C. § 1681s-2(b).

49.     Defendants Midland Credit Management and/or MCM are liable to Plaintiff for actual damages by has sustained by reason of Defendants F.C.R.A. violations in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

50.     The conduct, action and inaction of Defendants Midland Credit Management and/or MCM was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

51.     The Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

52.     In the alternative to willful violations, Defendants' F.C.R.A. violations were committed negligently as stated below.

53.     After being informed by the credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Defendants Midland Credit Management and/or MCM

negligently failed to conduct a proper investigation of Plaintiff's dispute pertaining to the alleged debt reported to the credit reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

54. Defendants negligently failed to review all relevant information purportedly provided by such credit reporting agencies to Defendants in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

55. Defendants Midland Credit Management and/or MCM negligently failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the alleged debt, as required by 15 U.S.C. § 1681s-2(b)(C).

56. Plaintiff has a private right of action to assert claims against Defendants Midland Credit Management and/or MCM arising under 15 U.S.C. § 1681s-2(b).

57. Defendants Midland Credit Management and/or MCM are liable to Plaintiff for the actual damages he has sustained by reason of its violation of the F.C.R.A., in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### C.  ATTORNEY'S FEES

58. Plaintiff seeks reasonable attorney's fees and costs.

### D.  JURY DEMAND.

59. Plaintiff demands a jury trial.

### E.  PRAYER

60. For these reasons, Plaintiff asks for judgment against Defendants for the following:

i. The above referenced relief requested;

ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.); $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act); $200.00 per violation Tex. Fin. C. § 391.002; and additional statutory damages under the F.C.R.A.

iii. Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

iv. Attorney fees and costs;

v. Prejudgment and post-judgment interest as allowed by law;

vi. Costs of court;

vii. General relief;

viii. An injunction preventing Defendants from engaging in similar unlawful conduct now and in the future;

ix. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
Attorney for Plaintiff
State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:   (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com